IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-396-BO

| HARRIS JENKINS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| CAROLYN W. COLVIN, | ) |  |
| *Acting Commissioner of Social Security*, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

This matter is before the Court on plaintiff's for judgment on the pleadings and defendant's motion to remand under sentence four of 42 U.S.C. § 405(g). For the reasons discussed below, plaintiff's motion is granted the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of Commissioner denying his claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff applied for DIB on August 5, 2013, alleging disability since December 2, 2011. His claim was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing and, after considering the claim de novo, issued a decision on April 29, 2015, finding that plaintiff was not disabled. In an order dated June 17, 2015, the Appeals Council denied plaintiff's request for review and the decision of the ALJ became the final decision of the Commissioner. Plaintiff then timely sought review of the Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

2

After finding that plaintiff met the insured status requirement and had not engaged in substantial gainful activity since his alleged onset date, the ALJ found at step two that plaintiff had the following severe impairments: degenerative disc disease of the lumbar and cervical spine, degenerative joint disease, injury to the muscles and fascia of the right shoulder, sleep disordered breathing, cubital tunnel syndrome, hearing loss and tinnitus, and headaches. The ALJ found that plaintiff's impairments did not alone or in combination meet or equal a listing at step three, and found that during the relevant time period plaintiff had a residual functional capacity (RFC) to perform light work with limitations. The ALJ went on to find at step four that plaintiff could perform his past relevant work as a computer operator or systems analyst. Accordingly, the ALJ found that plaintiff was not disabled as of April 29, 2015.

Plaintiff filed a subsequent DIB application and on September 29, 2015, was awarded benefits. [DE 29-1]. Plaintiff was found to be disabled as of April 30, 2015, the day after the ALJ's denial which is the subject of this appeal. A finding that a claimant is disabled that commences shortly after a prior finding that a claimant is not disabled may constitute new and material evidence that warrants remand. *See Hayes v. Astrue*, 488 F.Supp.2d 56, 565 (W.D.Va. 2003); *see also Reichard v. Barnhart*, 285 F. Supp.2d 728, 734 (S.D.W.Va. 2003) (finding that "disability commencing less than a week after [the ALJ] first pronounced that Claimant was not disabled is new and material evidence"); *Atkinson v. Astrue*, No. 5:10-CV-298-FL, 2011 WL 3664346 *15 (E.D.N.C. July 20, 2011) (listing cases). Because plaintiff's claims of disability were based on the same or similar complaints, the "disability onset date might reasonably be sometime prior to the ALJ's decision [with respect to] the prior application[] in view of a subsequent finding of disability." *Reichard*, 285 F.Supp.2d at 736 n.9.

3

Defendant seeks a remand for further administrative proceedings and development.[1] Specifically, defendant seeks remand so that she might reevaluate her decision in light of the subsequent favorable decision and so that she might reevaluate the rating decision of the Department of Veterans Affairs (VA). Thus, defendant seeks remand under sentence four of 42 U.S.C. § 405(g). *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (explaining that remand under sentence four involves a determination as to the correctness of the ALJ's decision, while remand under sentence six for consideration of new evidence does not).

In light of the facts of this case, the Court finds that reversal rather than remand under either sentence four or sentence six is appropriate. "[I]n making a disability determination, the SSA must give substantial weight to a VA disability rating." *Bird v. Commr. of Soc. Sec. Admin.*, 699 F.3d 337, 343 (4th Cir. 2012). Here, the ALJ noted that in accordance with *Bird* substantial weight should be assigned to the VA finding that plaintiff was 100% disabled, but held that this case presented a proper circumstance for deviation from such rule because "VA ratings have little relevance to a Social Security disability decision." Tr. 31. Such finding was in direct contravention of the holding in *Bird* and was error. While the court in *Bird* held that deviation from the substantial weight rule could be appropriate in some cases when a basis for doing so is clearly demonstrated by the record, the ALJ found that a deviation was appropriate here only because he found that VA ratings in general are different from Social Security disability decisions. However, as the *Bird* court explained, "the purpose and evaluation methodology of both programs are closely related, [and] a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency." *Bird*, 699 F.3d at 343. The ALJ thus failed to employ the correct legal standard in regard to plaintiff's VA rating.

---

[1] Plaintiff has opposed remand under sentence four as defendant would not agree to protect the subsequent finding of disability. [DE 31].

4

Regarding plaintiff's impairments, the ALJ found that although the record demonstrates that plaintiff suffers from medically determinable impairments which cause pain, including cervical spondylosis and stenosis, Tr. 2651; cervical nerve root inflammation and moderate bilateral ulnar neuropathies, Tr. 1835; tendon tear in his right distal clavicle, 2088; complex meniscal tear in the right knee Tr. 2104; and meniscus tear in the left knee, Tr. 1270; plaintiff experiences periods of relief. Tr. 29. As is particularly concerning in this case due to plaintiff's numerous physical impairments, however, the ALJ "failed to analyze the cumulative effect the impairments had on the claimant's ability to work." *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989). For example, the record reflects that plaintiff was doing very well after shoulder surgery, reporting only decrease in range of motion, but that at that time plaintiff's knees were also becoming "more and more problematic." Tr. 2093. Further, as noted by the ALJ, although plaintiff experienced a period of relief after shoulder surgery, less than one year later plaintiff reported seven-out-of-ten pain in his shoulder and surgical revision was planned. Tr. 2075.

When plaintiff's 100% disabled VA rating and the cumulative effects of his severe impairments are afforded the proper weight and consideration, substantial evidence does not support a finding that from his alleged onset date through the date of the ALJ's decision plaintiff could perform sustained work-related activities in a work setting on regular and continuing basis. SSR 96-8p.

*Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015

5

(4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance as the ALJ explained his reasoning but application of the correct legal standards results in substantial evidence supporting a finding of disability.

## CONCLUSION

Accordingly, for the reasons discussed above, plaintiff's motion for judgment on the pleadings [DE 29] is GRANTED, defendant's motion to remand [DE 30] is DENIED. The decision of the ALJ is REVERSED and the matter is REMANDED for an award of benefits.

SO ORDERED, this __10__ day of June, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE